JULIET K. BARABAN, Appellant, v. JAY H. TICHENOR et al., Respondents. JAY H. TICHENOR et al., Respondents, v. MAXWELL C. BARABAN et al., Defendants, and JULIET K. BARABAN, Appellant.— Appeal by Juliet K. Baraban from an order which denied her motion with respect to the answer of defendants Jay H. Tichenor and Woodside Homes, Inc. Order modified by striking out of the ordering paragraph the words "in all things denied" and by substituting in lieu thereof provisions that the motion be granted to the extent that the first

defense contained in the answer be struck out and that the portion of the answer, which is labeled as a defense and counterclaim against appellant and as a complaint against appellant and new parties sought to be brought into the action, be struck out as a defense and dismissed as a counterclaim and complaint, and that the motion otherwise be denied. As so modified, order affirmed, without costs, and with leave to respondents to serve an amended answer within ten days after the entry of the order hereon, if they are so advised. The wrongs alleged in appellant's complaint are fraudulent representations in connection with the entering into a contract between appellant and respondents, diversion of funds and failure to deliver to her shares of the capital stock of respondent Woodside. The first defense pleads that respondents performed the contract and tendered shares of stock to appellant. Any issue as to performance of the contract does not avoid the claim based on fraud and, so far as the claims of diversion of funds and failure to deliver shares of stock are concerned, is raised by denials of allegations of the complaint. The second affirmative part of the answer pleads fraud in inducing respondent Woodside to hire two of the proposed new parties and certain wrongdoing by those parties during the course of their employment by said respondent, and that as a result of these alleged wrongs and certain disclosures concerning said new parties the credit of respondent Woodside " was impaired " and another person, not a party to the action, withdrew his funds from the transaction in which all were concerned. The allegations that the credit of respondent Woodside " was impaired " and that damage resulted, as they appear in this pleading are conclusions and are not statements of ultimate facts. Assuming, *arguendo*, that the causes set forth therein are properly pleaded, they still would constitute claims in behalf only of respondent Woodside, the assertion that Tichenor " lost " moneys " as a result " being a mere conclusion. As a defense it does not avoid the liability claimed in appellant's complaint. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ., concur.